UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -v-

ROBERT WANNAMAKER,

               Defendant.

No. 16-cr-232 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

    Defendant Robert Wannamaker – who is currently serving the final month of a twelve-month sentence for violating the terms of his supervised release (Doc. No. 48) – requests that the Court amend the judgment in this case and/or recommend to the Bureau of Prisons ("BOP") that he be placed in a residential reentry center ("RRC") in light of the COVID-19 pandemic. (Doc. Nos. 50, 52); *see* 18 U.S.C. § 3624. For the reasons set forth below, the request is denied.

    As an initial matter, the Court finds no authority to amend its judgment here. Wannamaker does not argue that the judgment is faulty in any way, and the law is clear that a court may not modify a judgment absent some defect. *See, e.g.*, *United States v. Abreu-Cabrera*, 64 F.3d 67, 69 (2d Cir. 1995) (noting that Rule 35 of the Federal Rules of Criminal Procedure "makes clear that a sentencing court is not authorized to change its mind as the winds change . . . from a sentence it has correctly imposed").[1]

    Short of amending a judgment, a district court is free to recommend that the BOP use its discretion under 18 U.S.C. § 3624(c)(1) to transfer an inmate to a halfway house during the

---

[1] To be sure, the Court can modify a term of imprisonment and grant compassionate release under the First Step Act. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Felix*, No. 12-cr-322 (RJS), 2020 WL 4505622, at *1 (S.D.N.Y. Aug. 4, 2020). But Wannamaker neither cites the First Step Act nor requests to be released; he instead

final months of his prison sentence.  Of course, such recommendations are not binding on the BOP.  *See United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997) ("While BOP may consider the recommendation of the sentencing judge in determining the place of a confinement, the district judge's views are not controlling.").  But even though district courts occasionally offer such recommendations, *e.g.*, *United States v. Engleson*, No. 13-cr-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020), they more "often . . . decline . . . to independently recommend such a placement, finding BOP better suited to make decisions based on inmates' records and RRCs' availability," *United States v. Britton*, No. 09-cr-362 (ENV), 2020 WL 6146861, at *1 (E.D.N.Y. Oct. 16, 2020) (internal quotation marks and brackets omitted).

Based on the totality of circumstances before it, the Court finds no good reason to recommend transfer here.  While there can be no doubt that the COVID-19 pandemic has impacted the quality of life and programming available to inmates generally, Wannamaker's record to date strongly counsels against early release to a halfway house.  Indeed, when Wannamaker was placed in a halfway house in 2016, he used controlled substances and then absconded, remaining a fugitive until the U.S. Marshals Service apprehended him about three weeks later.  (Doc. No. 23 at 18, 21, 31.)  In 2017, following his release from custody, Wannamaker violated the terms of his supervised release by traveling outside of his district without permission from his probation officer (Doc. No. 39), and most recently, he violated the terms of his supervised release by possessing unlawful drugs (Doc. No. 48).  In light of these repeated violations of trust, the Court is not prepared to make the non-binding recommendation sought by Wannamaker.

---

seeks the Court's recommendation on a transfer to a halfway house.  Accordingly, the First Step Act does not apply.

Accordingly, Defendant's request is denied.  The Clerk of Court is respectfully directed to terminate the motion at Docket number 50.

SO ORDERED.

Dated:	December 10, 2020
	New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation